IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

WILLIE YOUNG, JR.                                                                                  PLAINTIFF

v.                              Civil No. 4:20-cv-04088

DOCTOR DARRELL ELKIN                                                                        DEFENDANT

**ORDER**

Plaintiff Willie Young, Jr. filed this 42 U.S.C. § 1983 action *pro se* on October 2, 2020. (ECF No. 1). His application to proceed *in forma pauperis* ("IFP") was granted on October 14, 2020. (ECF No. 6). That same day Plaintiff filed an Amended Complaint. (ECF No. 4). On February 26, 2021, the parties consented to the undersigned to conduct all proceedings in this case including the trial, the entry of final judgment, and all post-trial proceedings. (ECF No. 20). Before the Court is Defendant's Motion to Dismiss based on Plaintiff's failure to keep the Court and Defendant informed of his address. (ECF No. 22).

On May 5, 2021, Defendant filed a Motion to Dismiss stating he received returned mail on April 2, 2021, from the Arkansas Department of Corrections – Randall L. Williams Unit, Plaintiff address of record, stating Plaintiff had been paroled. (ECF No. 22, p. 1). The following day, the Court entered an order directing Plaintiff to file a response to Defendant's motion by May 27, 2021. (ECF No. 23). On June 1, 2021, the order sent to Plaintiff's address of record was returned as undeliverable noting Plaintiff had been paroled. (ECF No. 24).

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Local Rule 5.5(c)(2) states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk
> and the other parties to the proceedings of any change in his or her address, to

>monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order". *Brown v. Frey,* 806 F.2d 801, 803–04 (8th Cir. 1986) (emphasis added).

Plaintiff has failed to keep the Court informed of his address and failed to prosecute this case. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed. Accordingly, Defendant's Motion to Dismiss (ECF No. 22) is **GRANTED** and Plaintiff's Amended Complaint (ECF No. 4) is **DISMISSED WITHOUT PREJUDICE.**

**IT IS SO ORDERED,** this 2nd day of June 2021.

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE